```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
EQUAL EMPLOYMENT OPPORTUNITY                                 :
COMMISSION,                                                  :
                                                             :   Civil Action No. 05 Cv 6365 (CJS) (F)
        Plaintiff                                            :
                                                             :
                                                             :
HIGHLAND HOSPITAL OF                                         :
ROCHESTER, INC.,                                             :
STRONG HEALTH MCO IPA INC.,                                  :
STRONG HEALTH MCO, LLC, &                                    :
STRONG PARTNERS HEALTH SYSTEM,INC.:
                                                             :
        Defendants.                                          :
                                                             :
-------------------------------------------------------------x
```

## CONSENT DECREE

This cause of action was initiated on July 13, 2005, by the Equal Employment Opportunity Commission (hereinafter "EEOC"), an agency of the United States Government, alleging that Defendants, Highland Hospital of Rochester, Inc. ("Highland Hospital"), Strong Health MCO IPA, Inc., Strong Health MCO, LLC and Strong Partners Health System, Inc. (the "Strong Health Defendants") (collectively the "Defendants") engaged in a pattern or practice of discrimination by maintaining an English-only/No-Spanish rule and otherwise discriminating against Hispanic employees in regard to their terms, conditions or privileges of employment, all in violation of Title VII. This case was brought on behalf of Charging Parties: Julio Brito, Jorge Cruz, Claudina Chavez, Maria Lugo and Janette Nunez as well as a class of similarly situated Hispanic employees adversely affected by such practices (collectively, "the Claimants").

The allegations state that at least from February 2003, Defendants have engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e, including but not limited to the following:

a) Defendants instituted an unlawful English-only/No-Spanish Rule in the Environmental Services Department ("ESD") of Highland Hospital.
b) Defendants' management repeatedly instructed employees, including but not limited to the Claimants, not to speak in Spanish, and to only speak in English, in the ESD. Additionally, Defendants formally disciplined at least five Hispanic employees, in writing, for speaking in Spanish.
c) Defendants' enforcement of the English-only/No-Spanish Rule constitutes disparate treatment of Hispanic employees.
d) Defendants permitted employees in other areas of Highland Hospital to speak in languages other than English and Spanish.
e) Defendants' English-only/No-Spanish Rule was not justified by business necessity and had an adverse disparate impact on Hispanic employees.

EEOC and Defendants agree that it is in their mutual interest to fully resolve the matter without further litigation. Defendants deny all allegations of discrimination in this matter.

EEOC and Defendants do hereby stipulate and consent to the entry of this Decree as final and binding between the parties signatory hereto and their assigns or successors.

This Decree resolves all matters raised in the EEOC Complaint filed herein. The Decree in no way affects EEOC's rights to process any future charges that may be filed against Defendants, and to commence civil actions on any such charges.

The parties have agreed that this Decree may be entered without Findings of Fact and Conclusions of Law having been made and entered by the Court.

In consideration of the mutual promises of each party to this Decree, the sufficiency of which is hereby acknowledged, and the execution of separate agreements between Defendants and each Claimant, it is agreed and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Decree resolves all of the issues raised by the EEOC Complaint and the following EEOC Charges: Julio Brito (165-2003-00174), Jorge Cruz (165-2004-00177) Claudina Chavez (165-2004-00178), Maria Lugo (165-2004-00179) and Janette Nunez (165-2004-00180)

2. The parties agree that the federal court has jurisdiction to enforce this Decree. The parties agree that they will not contest jurisdiction to enforce this Decree on any grounds, including subject matter jurisdiction, venue, or failing to meet administrative prerequisites. Any party may bring an enforcement suit upon breach of any of the terms of this Decree by any other party. Nothing in this Decree shall be construed to preclude EEOC from bringing proceedings to enforce this Decree in the event that Defendants fail to perform any of the respective promises and representations contained herein.

3. Defendants will not discriminate against any of their employees because of their national origin. Specifically, Defendants will be enjoined from implementing any "English-Only" or "No Spanish" policies, or from instituting any restrictive language policies for the duration of this Decree.

4. Defendants are enjoined from retaliating against any individual who has participated in this matter in any regard.

5. A total of $200,000 in compensatory damages and attorneys' fees will be paid to resolve this matter within fourteen (14) days of the entry of the Decree. These funds will be divided amongst the five Charging Parties and three additional Claimants, Noel Huerta, Jose Justiniano and Francisco Miranda. Defendants will provide each Claimant with a 1099 tax form reflecting the appropriate amount as detailed in Exhibit A (filed under seal). Defendants will provide EEOC with documentation confirming the payments made within three (3) days of payment. The letter may be faxed to EEOC, Attn. Sunu P. Chandy, Facsimile No. 212-336-3623.

6. Within seven (7) days of the entry of this Decree, Defendants will rescind and remove any disciplinary notices given to employees in the Environmental Services Department which relate to the speaking of Spanish in the workplace. Specifically, these notices include but are not limited to the July 14, 2003 "Written Warning Report" given to Nunez, the July 16, 2003 written disciplinary documents entitled "Verbal Warning" given to Cruz, Chavez and Lugo and the July 17, 2003 "Verbal Warning" given to Miranda. Defendants will also remove and rescind portions of the Department's Spring 2003 "Action Plan for Environmental Services" that contain language restrictions. Defendants will provide EEOC with a confirming letter containing a complete list of the rescinded disciplinary documents within seven (7) days of entry of the Decree. The letter may be faxed to EEOC, Attn. Sunu P. Chandy, Facsimile No. 212-336-3623.

7. Defendant Highland Hospital will implement and distribute the Non-Harassment/ Non-Discrimination Policy ("Policy") to all of their employees within thirty (30) days of the entry of the Decree. This Policy is attached at Exhibit B. The Policy includes information about national origin discrimination including language and accent discrimination and some appreciation for and acknowledgement of the languages and cultures represented in the workforce. This Policy also includes the following elements: (a) a clear explanation of prohibited conduct; (b) the assurance that employees who make complaints of discrimination or provide information related to such complaints will not be retaliated against; (c) a clearly described complaint process that provides accessible avenues of complaint; (d) the assurance that Defendants will accept any and all complaints from employees who wish to file internal complaints; (e) the assurance that Defendants will protect the confidentiality of complaints to the extent possible; (f) a complaint process that provides a prompt, thorough, and impartial investigation; (g) the assurance that Defendants will take immediate and appropriate corrective action when it determines that discrimination has occurred; and (h) an assurance that Defendants

will inform complainants of the outcome of investigations within a reasonable amount of time.

8. Defendant Highland Hospital will provide training regarding the Policy for all of their management and non-management employees as follows:

A. Defendant Highland Hospital will provide two (2) hours of annual training regarding the Non-Harassment/ Non-Discrimination Policy and Procedures for all management and non-management employees for the duration of the Decree. Defendant will complete the first set of annual training sessions within ninety (90) days of the entry of the Decree and will provide the training annually thereafter by the anniversary date of the Decree. The first year of training will be provided by the independent outside entity, Teaching and Training by Design. Defendant will provide written notice to EEOC that the training sessions have been completed within seven (7) days of the completion of each year's training sessions. This notice may be faxed to EEOC, Attn. Sunu P. Chandy, Facsimile No. 212-336-3623.

B. Defendant Highland Hospital will provide four (4) additional hours of annual training regarding their Non-Harassment/ Non-Discrimination Policy and Procedures for all management staff for the duration of the Decree. The first year's training will be provided by Teaching and Training by Design. This training shall be completed within thirty (30) days of the entry of the Decree. The annual training thereafter shall be provided by a third party approved by EEOC, for each year of the Decree. Defendant will provide written notice to EEOC that the training sessions have been completed within seven (7) days of the completion of each year's training sessions. This notice may be faxed to EEOC, Attn. Sunu P. Chandy, Facsimile No. 212-336-3623.

C. As part of their initial orientation, Defendant Highland Hospital will provide new employees with a copy of the Policy. A representative of Defendants' management will spend a minimum of thirty (30) minutes reviewing the Non-Harassment/Non-Discrimination

Policy and Procedures with the new employee and document this meeting for the individual's personnel file.

9. Every six (6) months following the entry of this Consent Decree, and continuing throughout the life of the Decree, Defendants will report in writing to the Commission's counsel of record concerning the implementation of this Decree. The first report will be due six (6) months after the entry of the Decree. The report will include the following information: Copies of any formal or informal complaints of language related discrimination and/or retaliation made by any employee, including but not limited to internal complaints, administrative charges, and lawsuits, and for every complaint, whether oral or written, the name of the complainant, and a detailed explanation of Defendants' actions taken in response to the complaint, including any investigative and corrective measures taken. If there have been no such complaints, Defendants will confirm this in writing every six (6) months following the entry of the Decree. The letter may be faxed to EEOC, Attn. Sunu P. Chandy, Facsimile No. 212-336-3623.

10. The Commission may monitor compliance during the duration of this Decree by inspection of Defendants' premises and records, and by interviewing their employees. Upon five days notice, Defendants will make available any facility for inspection and make available for inspection and copying any records or witnesses.

11. Within five (5) days of the entry of this Decree, Defendant Highland Hospital will post the Policy and "Notice to Employees" at a place accessible to all of its employees. See Notice attached as Exhibit C.

12. Each party to this Decree shall bear its own attorneys' fees and costs in this action.

13. This Decree constitutes the complete understanding among the parties to this Decree. No other promises or agreement shall be binding unless agreed to in writing and signed by these parties.

14. This Decree will remain in effect for three (3) years from the date of entry.

Dated: 4/26/06

**FOR PLAINTIFF EEOC**

_____
Elizabeth Grossman, Regional Attorney

_____
Judy Keenan, Acting Supervisory Attorney

_____
Sunu P. Chandy, Senior Trial Attorney
33 Whitehall Street, 5th Floor
New York, New York 10004
Telephone No. 212-336-3706
Facsimile No. 212-336-3623

**FOR DEFENDANTS**

Dated: 5/8/06

_____
Todd R. Shinaman
Nixon Peabody LLP
Clinton Square, PO Box 31051
Rochester, New York 14603-1051
Telephone No. 585-263-1583
Facsimile No. 585-263-1600

For Defendants HIGHLAND HOSPITAL OF ROCHESTER, INC., STRONG HEALTH MCO IPA, INC., STRONG HEALTH MCO, LLC, and STRONG PARTNERS HEALTH SYSTEM, INC.

**SO ORDERED, ADJUDGED, AND DECREED,**
Signed this 9 day of MAY, 2006

_____
Hon. Charles J. Siragusa

Exhibit A

**EXHIBIT A – (Filed Under Seal)**

Exhibit B

**EXHIBIT B**

# HIGHLAND HOSPITAL

STRONG HEALTH

## POLICY #44

Volume II:  Human Resources

### Non-Harassment/Non-Discrimination

| Issued By: | Approved By: | Date Reissued: May 2006 |
|---|---|---|

POLICY:    It is the Hospital's aim to provide an inclusive setting, which is characterized by respect for the individual and encouragement to develop his or her full potential. The Hospital seeks to provide a setting which respects diversity of individuals and groups, appreciates the value of a workforce enriched by the points of view of those from different cultures, and which promotes intellectual and personal development among staff, patients and guests. The Hospital is committed to equal opportunity for all persons regardless of age, color, disability, ethnicity, marital status, national origin, race, religion, sex, sexual orientation, veteran status or any other status protected by law.  Further, the Hospital complies with all applicable non-discrimination laws in the administration of its policies, programs and activities.  Decisions in recruitment, appointments, hiring, promotions, transfers, and opportunities for training and other employment decisions are made without regard to the above categories, except where there is a verifiable occupational requirement.

The Hospital will not tolerate any behavior, including verbal or physical conduct, which constitutes discrimination or harassment in any form. All members of the Hospital community are accountable for compliance with this policy. The Hospital is committed to assisting victims of harassment and discrimination wherever they occur in the Hospital community by taking corrective actions against violations of this policy.

Violations may lead to disciplinary action, which may include separation from the Hospital.

I.      EXAMPLES OF HARASSMENT

   A. Racial and Ethnic Harassment

The Hospital regards as racial harassment any verbal or physical act, which is intended to cause or could reasonably be expected to cause individuals or groups to feel intimidated, demeaned, or abused because of their racial or ethnic background or national origin. Indicators of racial harassment include but are not limited to:

• negative comments about an individual because of an accent and/or primary language;

- unfairness toward others because of an accent and/or primary language;
- racial or ethnic graffiti, pictures, or cartoons;
- racial or ethnic jokes or stereotyping activities;
- racially or ethnically degrading and derogatory words, epithets, statements, or physical acts.

    B. Sexual Harassment

The Hospital regards as sexual harassment unwelcome conduct of a sexual nature which: 1) involves the misuse of authority in an attempt to obtain personal benefits or favors, 2) a reasonable person would regard as so severe, persistent or pervasive as to disrupt the learning or working environment or unreasonably interferes with an individual's work performance, or 3) creates an intimidating, offensive or hostile work or environment.

Under this definition and depending on the circumstances, the following is a non-exclusive list of the types of behavior which might be considered sexual harassment:

- comments about an individual's body, clothing or lifestyle which have sexual implications or which demean that individual's sexuality or gender;
- repeated offensive sexual flirtations, leering or ogling;
- inappropriate and offensive sexual advances and propositions;
- display of sexually demeaning objects, pictures
- implied or direct threats or insinuations that an individual's refusal to submit to sexual advances will adversely affect the individual's status, evaluation, wages, advancement, duties or career development;
- solicitation of sexual activity or behavior by promise of rewards to the individual's performance, evaluation, wages, advancement, assigned duties or career development;
- unnecessary touching, patting, pinching, or brushing another's body or clothing;
- stalking, telephone or computer harassment, , sexual assault.

  II.    <u>COMPLAINT PROCEDURE</u>

    A. Employees who believe that they have been harassed or discriminated against should immediately notify their manager, or if not appropriate, Kathleen Gallucci, Director of Human Resources (Office E225A; Phone 341-0118), Allen Ibrisimovic, Director of Human Resources (Office E225B; Phone 341-8041) or Cindy Becker, VP/Chief Operating Officer (Office Phone 341-6711).

    B. The Hospital will take prompt and appropriate action in response to any alleged or observed incident of harassment or discrimination. Such action must include a thorough and impartial investigation of the complaint, determination of the facts, and immediate and appropriate corrective action when it is determined that discrimination has occurred.

- 3 -

C. There will be no discrimination or retaliation against any employee for making a report of harassment.

D. All internal investigations to resolve complaints of harassment shall be conducted confidentially to the extent feasible.

E. The Hospital will inform the complainants of the outcome of the investigation within a reasonable amount of time.

III.   CONSEQUENCES

A. Any employee who violates this policy will be subject to disciplinary action up to, and including discharge. Should a non-employee harass an employee, appropriate action will be taken based his/her affiliation with Highland.

B. Supervisors observing or learning of any harassment shall take immediate action to stop it and report the incident to Kathleen Gallucci, Director of Human Resources (Office E225A; Phone 341-0118), Allen Ibrisimovic, Director of Human Resources (Office E225B; Phone 341-8041) or Cindy Becker, VP/Chief Operating Officer (Office S206; Phone 341-6711).

C. Any manager or supervisor who is made aware of harassment and fails to take corrective action pursuant to this policy will be subject to discipline up to, and including, discharge.

Exhibit C

**EXHIBIT C**



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE TO EMPLOYEES

This notice is being posted pursuant to a Consent Decree entered in resolution of a lawsuit brought on July 13, 2005 by the U.S. Equal Employment Opportunity Commission ("EEOC") against Highland Hospital of Rochester, Inc., Strong Health MCO IPA, Inc., Strong Health MCO, LLC and Strong Partners Health System, Inc., Civil Action No. 05 Cv 6365. In the lawsuit EEOC alleged that Defendants engaged in a pattern or practice of discrimination by maintaining an English-only/No-Spanish rule and otherwise discriminating against Hispanic employees in regard to their terms, conditions or privileges of employment, all in violation of Title VII. Defendants deny all allegations of discrimination in this matter.

Federal law prohibits employers from discriminating against applicants and employees based on national origin, religion, race, color, sex, age or disability. Defendants will comply with all laws prohibiting discrimination in the workplace and prohibit any manager, employee, officer or agent from discriminating against any individual on any prohibited basis under federal employment discrimination law. Defendants will not retaliate against any individual who asserts his or her rights under these laws.

Highland Hospital has implemented an Anti-discrimination Policy ("Policy") which contains information about national origin discrimination including language and accent discrimination and appreciation for and acknowledgement of the languages and cultures represented in the workplace. The Hospital will conduct training for management and non-management employees regarding their rights and responsibilities under this Policy.

If you have a complaint of discrimination or harassment, you may report it to a Supervisor or to the Directors of Human Resources, Kathleen Gallucci (Office E225A; Telephone 585-341-0118) or Allen Ibrisimovic (Office E 225B; Telephone No. 585-341-8041). You may also call:

Equal Employment Opportunity Commission
National Call Center 800-669-4000

**THIS IS AN OFFICIAL NOTICE AND SHALL NOT BE DEFACED BY ANYONE**

This notice must remain posted for three years from the date of posting, until _____, 2009.

Signed: _____
Cindy Becker, Chief Operating Officer